UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

September 13, 2023

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Chughtai v. Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 1:21-CV-01043-JMC

Dear Counsel:

Lawrence P. Demuth has filed a motion for attorney's fees pursuant to the Social Security Act ("ACT"), 42 U.S.C. § 406(b), resulting from his representation of Plaintiff before the Court. (ECF No. 20). The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Mr. Demuth's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On March 11, 2022, this Court awarded Mr. Demuth $2,663.84 for 12 hours worked on Plaintiff's case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 17-2, 19). Plaintiff subsequently received an award notice, in which she was awarded $119,800.00 in past due benefits. (ECF No. 20-2 at p. 3).[1] On July 27, 2023, Mr. Demuth filed a Line seeking $29,950.00 in attorney's fees. (ECF No. 20). Mr. Demuth has agreed to reimburse Plaintiff for the $2,663.84 in EAJA fees already received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

Here, Mr. Demuth and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Demuth twenty-five percent of all retroactive benefits to which she might become entitled. (ECF No. 17-4). In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted itemized reports documenting 12 chargeable hours he expended before this Court in Plaintiff's case. (ECF No. 17-8). If Mr. Demuth receives the full amount of fees he requests, his fee for representation before this Court will effectively total $2,495.83 per hour. Mr. Demuth must therefore show that an effective rate of $2,495.83 per hour is reasonable for the services he rendered.

The declaration Mr. Demuth filed in this Court indicates that he has been practicing since 2005. (ECF No. 17-7 ¶ 5). This places him into the category of attorneys admitted for fifteen to nineteen years in the fee guidelines appended to the Local Rules of this Court.[2] Notably, Mr. Demuth's requested fee results in well more than five times the top hourly rate that is presumptively reasonable for attorneys of his experience level, and more than *seven* times his stated hourly billing charge of $350. (ECF No. 17-7 ¶ 6). Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Demuth's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with hourly rate of $1,028.14). While this Court notes Mr. Demuth's effective performance and the substantial past-due benefit award to his client, awarding Mr. Demuth $29,950.00 for 12 hours of work in this case would result in a windfall. Instead, this Court finds that an award of $15,900.00, amounting to an hourly rate of $1,325.00—more than triple the top hourly rate for an attorney of Mr. Demuth's experience—would adequately compensate Mr. Demuth for the time that he spent on this case in this Court. *See Sharon S. v. Comm'r, Soc. Sec. Admin*, No. JMC-21-00001, 2022 WL 16951447, at *1–2 (D. Md. Nov. 15, 2022) (awarding Mr. Demuth "more than triple the top hourly rate for an attorney of [his] experience" after finding that the fee award requested would constitute a windfall).

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART Mr. Demuth's motion seeking attorney's fees (ECF No. 20). This Court will award Mr. Demuth attorney's fees totaling $15,900.00. Mr. Demuth is directed to reimburse Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

---

[2] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules. See Loc. R. App'x B. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See id.*

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge